UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARMAN BROOKS,

        Plaintiff,

v.

POWER DEFAULT SERVICES, INC., et al.,

        Defendants.

2:10-CV-677 JCM (LRL)

**ORDER**

Presently before the court is defendant TD Service Company's (hereinafter "TD") motion to dismiss. (Doc. # 8). Plaintiff Carman Brooks filed an opposition. (doc. # 10). However, defendant TD did not file a reply.

Also before the court is defendants American Home Mortgage Servicing, Inc. and Power Default Services' (hereinafter "American Home" and "Power Default") motion to dismiss. (Doc. # 13). Plaintiff filed an opposition (doc. # 16), and defendants American Home and Power Default filed a reply. (Doc. # 19).

Plaintiff filed his complaint on April 8, 2010 in the Eighth Judicial District Court against defendants Power Default, American Home, TD, Deutsche Bank National Trust Co., American Brokers Conduit, LLC., and Mortgage Electronic Registration Systems, Inc (MERS). (Doc. #1). Defendants American Home and Power Default removed the action to this court based on diversity jurisdiction (Doc. #1) on May 5, 2010. Plaintiff's original complaint contains the following claims for relief: 1) declaratory relief against defendants MERS and American Brokers Conduit, LLC; 2)

**James C. Mahan**
**U.S. District Judge**

1 quiet title as to all defendants; and 3) injunctive relief as to all defendants. (Doc. # 1, Exh. A).

2 These claims stem from the foreclosure of plaintiff's property located at 145 E. Harmon
3 Ave., No. 3106, Building A, Las Vegas, Nevada (hereinafter "the property"). In June 2006, plaintiff
4 executed the notes and corresponding deeds of trust in connection with this property to defendant
5 American Brokers Conduit as trustee, and MERS as beneficiary. MERS later assigned the beneficial
6 interest in the deed of trust to American Home on November 18, 2009. American Home then
7 assigned the beneficial interest to Deutsche Bank National Trust Company and substituted Power
8 Default as the trustee of the deed of Trust. On December 3, 2009, Power Default recorded a notice
9 of default and election to sell under the deed of trust.

10 Defendants TD, American Home and Power Default now seek to dismiss plaintiff's
11 complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).
12 A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal
13 theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,
14 534 (9th Cir.1984).

15 The Supreme Court has held that a complaint's factual allegations must be sufficient "to raise
16 a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.
17 1955, 1965, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must plead more than conclusory allegations
18 to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5.

19 A.   Defendant TD's Motion to Dismiss

20 Defendant TD asserts that plaintiff's case against it should be dismissed for failure to comply
21 with the notice pleading standard set by Federal Rule of Civil Procedure 8(a)(2), and the Supreme
22 Court's decision in *Twombly*. *See Twombly*, 550 U.S. 544 (2007). Defendant TD does not claim
23 any interest in the property, and accordingly, plaintiff is not entitled to injunctive relief.
24 Additionally, plaintiff's complaint does not allege any declaratory relief against defendant TD.
25 Therefore, this court finds that plaintiff's complaint must be dismissed as to defendant TD.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  B. Defendants American Home and Power Default's Motion to Dismiss

2     Plaintiff's second claim to quiet title is dismissed as to defendants American Home and Power Default because plaintiff failed to allege the facts necessary to support such a claim. An action to quiet title may be brought by "any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010 (2009); *Del Webb Conservation Holding Corp. v. Tolman*, 44 F.Supp.2d 1105, 1110-11 (D.Nev.1999). Plaintiff's claim to quiet title as to defendants American Home and Power Default fails because plaintiff has failed to make payments on the mortgage loan, and has failed to indicate which defendant is making an adverse and invalid claim to the property.

    Plaintiff's third claim for injunctive relief is dismissed because it is not a cause of action, but rather an equitable remedy. Plaintiff is not entitled to this remedy because his other claims failed.

    Accordingly,

    IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant TD's motion to dismiss (doc. #8) is GRANTED.

    IT IS FURTHER ORDERED that defendants American Home and Power Default's motion to dismiss (doc. # 13) is GRANTED.

    DATED July 29, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**